WO                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nelson Alejandro Flores Albeno, | No. CV 13-1259-PHX-GMS (MEA) |
| Petitioner, | |
| vs. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Nelson Alejandro Flores Albeno, who is confined in the Arizona State Prison Complex, Cook Unit, in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.   Petition**

Petitioner was indicted in Yuma County Superior Court, case# CR2006-01218, with two counts of kidnapping and one count each of aggravated assault and unlawful flight from law enforcement in connection with offenses that began in Maricopa County but ended in Yuma Count on or about September 27, 2006. (Doc. 1, ex. 1.) Petitioner was also indicted in Maricopa County Superior Court, case# CR2006-031069, with kidnapping, aggravated assault, false reporting, three counts each of sexual conduct with a minor and sexual abuse, and child molestation with offense dates from June 1, 2006 to September 27, 2006.[1] (*Id.*)

---

[1] Petitioner was identified in that case by the last name of Albeno-Flores.

TERMPSREF

On January 31, 2008, Petitioner was convicted in the Yuma County case pursuant to a plea agreement of aggravated assault for which he was sentenced to 17 years in prison and the other Yuma charges were dismissed. (*Id.*)  On September 3, 2009, Petitioner was convicted in the Maricopa County case pursuant to a plea agreement of three counts of attempted child molestation.[2]  On October 15, 2009, Petitioner was sentenced to five years on one count to run consecutive to his Yuma County sentence and suspending sentence on the remaining two counts and imposing lifetime probation.[3]

In this case, Petitioner seeks habeas relief as to his Yuma County conviction. Petitioner indicates that he filed two petitions for post-conviction relief in the trial court, but was denied relief. He further indicates that he filed petitions for review from the denial of post-conviction relief by the Yuma court in the Arizona Court of Appeals, but that he was also denied relief by the appellate court.

In his Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises two grounds for relief. In Ground One, Petitioner alleges that his Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated where his offenses commenced in Chandler, but he was arrested and prosecuted in Yuma County. Petitioner asserts that he received excessive punishment after being charged with some of the same offenses in both counties. In Ground Two, Petitioner alleges that he received the ineffective assistance of appellate counsel in violation of his Sixth Amendment rights. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

**II.   Warnings**

   **A.   Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with

---

[2] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/092009/m3873079.pdf (last visited Nov. 20, 2013).

[3] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/102009/m3929744.pdf (last visited Nov. 20, 2013).

1 Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Because Petitioner is currently confined in ASPC-Eyman and this case is subject to General Order 13-11, Petitioner is not required to serve Respondents with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. If Petitioner is transferred to a prison other than ASPC-Eyman, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 13-11.

**C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2)     Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of

Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

(4) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 22nd day of November, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge