IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nelson Alejandro Flores Albeno,   Petitioner,   v.   Charles L. Ryan, et al.,   Respondents. | CIV 13-01259 PHX GMS (MEA)   REPORT AND RECOMMENDATION |

**TO THE HONORABLE G. MURRAY SNOW:**

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about June 24, 2013. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 12) on January 6, 2014. Any reply to the answer to the petition was due February 4, 2014.

**I Procedural History**

A grand jury indictment returned in Yuma County Superior Court on October 5, 2006, charged Petitioner with two counts of kidnapping (Counts 1 and 2); one count of aggravated assault (Count 3); and one count of unlawful flight from pursuing law enforcement (Count 4). See Answer, Exh. B. In essence, the indictment alleged that on September 27, 2006, Petitioner kidnapped and held hostage a victim under the age of

15 (the victim was born in 1991), assaulted her with a knife, and fled from a pursuing law enforcement vehicle. Id., Exh. B.

Petitioner entered into a written plea agreement with regard to the charges against him on January 31, 2008. Id., Exh. C. In the plea agreement Petitioner agreed to plead guilty to Count 3, aggravated assault, a class two felony and dangerous crime against a child. Id., Exh. C. The plea agreement did not provide for a specific length of the sentence, but recited that the crime carried a presumptive sentence of 17 years, a minimum sentence of 10 years, and a maximum sentence of 24 years. Id., Exh. C.

During the change of plea hearing conducted January 31, 2008, Petitioner was examined by the state trial judge with the aide of a court interpreter. Id., Exh. D. The trial court ascertained that Petitioner was satisfied with his counsel's representation. The trial court found that the plea had been knowingly, voluntarily and intelligently made and that Petitioner understood the rights and privileges he was giving up by voluntarily pleading guilty. Id., Exh. D. The court further found that Petitioner had not been subjected to force or promised anything to enter into the plea, and that there was a factual basis for the guilty plea. Id., Exh. D.

On April 15, 2008, again with the aide of a court interpreter, the court held a mitigation hearing where Petitioner's counsel presented mitigating factors and closing argument. Id., Exh. E. On April 17, 2008, again employing a court interpreter, Petitioner was sentenced to the presumptive

-2-

term of 17 years imprisonment pursuant to his conviction for aggravated assault, and given credit for 568 days of presentence incarceration credit. Id., Exh. F & Exh. G. At that time Petitioner received his notice of rights of review, in English and Spanish. Id., Exh. H.

Petitioner initiated a timely action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. I. On June 1, 2009, Petitioner's appointed counsel filed a notice indicating he could find no colorable claim to raise on Petitioner's behalf. Id., Exh. J. On June 22, 2009, the state trial court ordered Petitioner's counsel to provide the record to Petitioner and permitted Petitioner to file a supplemental pleading by August 6, 2009, "urging any and all claims which he wants considered by the court." Id., Exh. K. On August 13, 2009, after Petitioner did not file a supplemental pleading, the court dismissed Petitioner's Rule 32 action. Id., Exh. L.

On February 10, 2010, Petitioner filed a pleading in his Rule 32 action alleging that his counsel was ineffective at sentencing for failing to present testimony about the severe abuse and frequent beatings inflicted on Petitioner by his grandparents, and for failing to present hospital documents about serious injury to his head, which he asserted would have supported a neurological evaluation of him and also would have supported the imposition of a mitigated sentence. Id., Exh. M. Petitioner also claimed that his counsel was ineffective at trial for failing to file a Rule 11 motion and for failing to

investigate his case. Id., Exh. M.

The state trial court summarily dismissed Petitioner's pro se pleading on February 10, 2010, finding that the notice was untimely and that Petitioner "failed to state the specific reasons as to why his claim based on newly discovered evidence was not filed in a timely manner." Id., Exh. N.

On March 4, 2010, Petitioner filed a motion for reconsideration of the state trial court's order dismissing his "Rule 32 Petition," asserting essentially the same claims raised in his pleading dated February 10, 2010. Id., Exh. O. On March 10, 2010, the state trial court denied Petitioner's motion for reconsideration and affirmed its previous order dismissing Petitioner's Rule 32 action. The trial court also concluded:

> (1) Defendant was examined by two psychiatrists, Dr. Potts and Dr. Johnson, to determine defendant's mental status at the time of the offense. Specifically, defendant was examined to determine if there were any grounds for defendant to enter a guilty but insane plea. Both experts found the defendant was legally sane at the time of the offense; (2) Defendant was also examined by psychiatrist Dr. Johnson to determine if he was competent to stand trial pursuant to Rule 11, Ariz. R. Crim. Proc. Dr. Johnson determined that defendant was competent to stand trial; and (3) Evidence regarding mitigating circumstances was previously presented to the Court at the April 15, 2008, Mitigation Hearing. Thereafter, defendant was sentenced to a presumptive prison term of 17 years.

Id., Exh. P.

The trial court further found:

> As to the untimeliness of defendant's Petition, the Court notes the defendant was sentenced April 17, 2008. Defendant filed a

>   Notice of Post-conviction Relief on May 28, 2008. Counsel was appointed on June 2, 2008. A Notice of Completion was filed by defendant's counsel on June 1, 2009, stating that defendant's counsel was unable to discover any colorable claims to raise in defendant's Rule 32 Proceeding. Defendant was granted until August 6, 2009, to file a Pro Per Petition. Defendant failed to file a Petition by August 6, 2009. Thereafter, On February 10, 2010, defendant filed a Notice of Post- Conviction Relief. As noted in the Court's February 16, 2010, Order, defendant has failed to state specific reasons as to why his claim based on new discovered evidence as to mitigation as not filed in a timely manner...

Id., Exh. P.

On March 19, 2010, Petitioner filed a notice of appeal in the Yuma County Superior Court, appealing the court's dismissal of his "Rule 32 petition." Id., Exh. Q. The Yuma County Superior Court appointed counsel after Petitioner filed a "'notice of appeal,' rather than a petition for review as required by Rule 32.9(c),Arizona Rules of Criminal Procedure." Id., Exh. R.  The Arizona Court of Appeals later permitted counsel to withdraw from representation, finding that "there is no concomitant right to appointed counsel in a discretionary review proceeding such as the present matter." Id., Exh. R. On June 1, 2010, the Arizona Court of Appeals dismissed the matter, after finding that Petitioner had not timely filed a "compliant petition for review". Id., Exh. S.

On or about June 7, 2010, Petitioner filed a motion for reconsideration of the order issued by the Arizona Court of Appeals on June 1, 2010, and also seeking an extension of time to file a petition for review. Id., Exh. T.

In a decision entered July 2, 2010, the Arizona Court of Appeals again found that Petitioner had no right to counsel, but due to the confusion of appointment of counsel, granted Petitioner an extension of time to file a pro se petition for review. Id., Exh. U. However, Petitioner did not file a pro se petition for review. Id., Exh. V. On August 16, 2010, the appellate court sent a certified copy of the order dismissing the matter to the parties and to the state trial court. Id., Exh. W.

The federal habeas petition asserts that Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated because his offenses commenced with the boundaries of the municipality of Chandler (in Maricopa County), but he was arrested and prosecuted in Yuma County. Petitioner also contends he received excessive punishment after being charged with some of the same offenses in both counties. Petitioner also argues that Petitioner was denied his right to the effective assistance of counsel.

Respondents contend the petition should be denied and dismissed with prejudice because it is untimely, and because Petitioner's claims are procedurally barred.

**II Analysis**

**A. Statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state

-6-

prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For an Arizona non-capital defendant who pleads guilty, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32, Arizona Rules of Criminal Procedure. "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007).

Accordingly, allowing for the latest possible starting date for the statute of limitations, the one-year statute of limitations on Petitioner's federal habeas action began to run on or about September 16, 2010, when the time expired for appealing the Arizona Court of Appeals' decision terminating his Rule 32 proceedings to the state Supreme Court. The statute of limitations expired on or about September 16, 2011, because Petitioner did not have any other properly filed state actions for post-conviction relief pending during this time period. Accordingly, Petitioner's habeas action, filed on or about June 24, 2013, is not timely. Petitioner did not file his federal habeas action until one year and nine months after the statute of limitations expired.

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 130 S. Ct. 2549, 2554, 2562 (2010); Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005). See also Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir. 2009). In Holland the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." Bills, 628 F.3d at 1096-97.

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Porter, 620 F.3d at 959; Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external

-8-

forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is also available if the petitioner establishes their actual innocence of the crimes of conviction. See Lee v. Lampert, 653 F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000). Equitable tolling is inappropriate in most cases and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter, 620 F.3d at 959. It is Petitioner's burden to establish that equitable tolling is warranted in his case. See, e.g., Porter, 620 F.3d at 959; Espinoza Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2004); Gaston, 417 F.3d at 1034.

A petitioner's pro se status, ignorance of the law, and lack of legal representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006);

1 Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004).
2 Equitable tolling may be available when a petitioner can
3 establish they are so mentally ill that they are incompetent.
4 Compare Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003),
5 with Bills, 628 F.3d at 1098.  However, the vicissitudes of
6 prison life are not "extraordinary" circumstances that make it
7 impossible to file a timely habeas petition. See, e.g., Ramirez
8 v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

9      Additionally, the Ninth Circuit Court of Appeals has
10 held that a petitioner is entitled to tolling of the statute of
11 limitations if they can establish that they are actually
12 innocent of the crimes of conviction. See Lee, 653 F.3d at 934.
13 The petitioner must show "it is more likely than not that no
14 reasonable juror would have convicted him in the light of the
15 new evidence." Id. at 938.

16      Petitioner has not docketed a reply to the response to
17 his habeas petition contending the petition is not timely.
18 Petitioner offers no basis for equitable tolling of the statute
19 of limitations.

20      Because the habeas action was not filed within the
21 statute of limitations and Petitioner has not stated a proper
22 basis for equitable tolling of the statute of limitations, the
23 Court need not consider the merits of his claims.

24      **B.   Exhaustion and procedural default**

25      Respondents argue that Petitioner has procedurally
26 defaulted his federal habeas claims in the state courts by
27 failing to present them to the Arizona Court of Appeals in a
28

-10-

procedurally correct manner.

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[1] The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim

---

[1] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2011).

-11-

to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351.

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2011). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See Woodford v. Ngo, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. See, e.g., id., 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now

-12-

barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060. Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

> The doctrine of procedural default provides that a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule. A state procedural rule is adequate if it is regularly or consistently applied by the state courts and it is independent if it does not depend on a federal constitutional ruling. Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice.

McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) (internal citations and quotations omitted).

-13-

> We recognize two types of procedural bars: express and implied. An express procedural bar occurs when the petitioner has presented his claim to the state courts and the state courts have relied on a state procedural rule to deny or dismiss the claim. An implied procedural bar, on the other hand, occurs when the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so.

Robinson v. Schriro, 595 F.3d 1086, 1100 (9th Cir.), cert. denied, 131 S. Ct. 566 (2010).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002). See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

### C. Cause and prejudice

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default.

-14-

"Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005); Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996).

Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986). Additionally, allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111 S. Ct. at 2567; Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire criminal proceedings with constitutional violations. See Vickers, 144 F.3d at 617; Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998). Establishing prejudice requires a petitioner to

prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

In order to exhaust a claim, the petitioner must fully and fairly "present both the factual and legal basis for the claim to the state court." Robinson, 595 F.3d at 1101. "Full and fair presentation ... requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief." Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999).

Petitioner did not properly exhaust his federal habeas claims in the state courts by fairly presenting them to the Arizona Court of Appeals in a procedurally correct manner, i.e., in his Rule 32 action by appealing the state trial court's dismissal of his action based on both timeliness and a finding that Petitioner had not been denied his right to the effective

assistance of counsel. Petitioner has not asserted cause for, nor prejudice arising from, his procedural default of these claims because, *inter alia*, there is little likelihood that Petitioner would have succeeded on the merits of the claims. Nor does Petitioner assert his actual innocence of the crime of conviction, only that he was improperly sentenced and that there were issues regarding over-charging and possibly trial venue.

### III Conclusion

Petitioner did not file the habeas petition within one year of the date his state conviction became final. Petitioner has not established that he is entitled to equitable tolling of the statute of limitations. Petitioner did not properly exhaust his federal habeas claims in the state courts by fairly presenting them to the Arizona Court of Appeals in his Rule 32 action in a procedurally correct manner. Petitioner has not shown cause for, nor prejudice arising from his procedural default of his claims, nor does Petitioner assert his actual innocence.

**IT IS THEREFORE RECOMMENDED that** Mr. Albeno's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2(e)(3), Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed ten (10) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 18th day of February, 2014.

_____
Mark E. Aspey
United States Magistrate Judge